McFarland, J.,
delivered the opinion of the Court.
The original suit in this ease was against D. Zwei-fel, C. J. Hargan, and George Watcher, upon a note-executed in the firm name of Zweifel, Hargan & Co.,, for $900. The defendants filed a joint plea of non assumpsit and payment: upon trial, there being no *498 real defense made, there was judgment for the plaintiffs. Afterward Hargan obtained a writ of error •coram nobis and supersedeas. The facts stated in his petition are, that his partners were stockholders in the German Savings Institution, and had been in the habit •of borrowing money therefrom for their own use; that they were partners, under the firm name of Zweifel & Watcher, before the formation of the firm of Zwei-fel, Hargan & Co., of which petitioner became a' member; that the note upon which this suit was brought was given by his partners in renewal of a debt due from the first-named firm, and for which he was in no way bound, and that his partners had no authority to bind him by the execution of said note. That when the suit was brought his partners, or one -of them, employed counsel, and promised petitioner to defend the suit and save him- harmless, and that he relied upon this promise and made no defense himself, and that the result was, judgment was taken against him upon the trial. Upon the return of the writ of error coram nobis, a motion was made to dismiss which was overruled by the court. The petitioner thereupon filed a formal assignment of errors, setting forth in substance the same facts stated in the petition. To this there was a demurrer filed by the original plaintiffs, and overruled by the court. Issue was taken upon the errors assigned, and found in favor of Har-gan, and judgment rendered accordingly, from which the plaintiffs have appealed.
There can be no doubt that the facts stated in the petition for writ of error coram nobis, and in the *499 assignment of errors, would have been a valid defense if properly presented upon the first trial. But the question is, Do the facts stated constitute a good ground for a writ of error coram, nobis?
This proceeding is regulated by an article in the Code beginning with Section 3110. Section 3116 provides that “the relief embraced in this article is confined to errors of fact occurring in proceedings of which the person seeking relief has had no notice, or which he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise, accident, mistake or fraud, without fault on his part.”
The next section gives instances that is infancy, at the rendition of judgment not appearing in the record sought to be corrected, or a real defense to an action by motion of which the party aggrieved had no notice, and like cases.
This proceeding is not available where there has been a trial on the merits, nor to contradict a fact passed upon on the first trial. Crawford v. Williams, 1 Swan, 341; 4 Sneed, 433. The petitioner having had actual notice of the suit on the first instance, he must show that- his failure to make his defense upon the first trial was owing to surprise, accident, mistake or fraud, and without fault upon his part.
Has he shown this? He says his co-defendants, whose debt it really was, promised to defend for him, and save him harmless, and he relied upon this promise. His proper defense in the case should have been made under a plea of non est factum, denying the *500 authority of his partners to bind him by the execution of this note in the firm name. This plea should, have been sworn to by him. In such cases parties are required to use due diligence. 1 Heis., 472.
The statute above quoted, says in express terms, that the relief is confined to cases, where the party has had no notice — or was prevented by disability, surprise, accident, fraud, or mistake, without fault upon his part, from making defense. We can not regard the facts stated as any legal excuse whatever. The petitioner had actual notice — he was under no disability — his defense was plain and adequate — there was-no impediment in his way.
If he chose to rely upon the promise of his co-defendants, to make defense for him, when it was their-interest to hold him jointly bound with themselves; and when the defense, from all we can see, could have been as easily and much ' more properly made-by himself — we think he must abide the result of the-trial. His failure to give the personal attention so requisite to his defense, was gross negligence upon his part, and he must abide the result.
The failure of his co-defendants to make defense for him, as they promised, is not a fraud in the sense of the statute. This has reference to fraud practiced by the opposing party or for his benefit, which misleads or prevents the party from making his defense»
The petitioner saw proper to rely upon the promise of his partners to save him harmless from his debt. This promise he may still rely upon — they can save-him harmless by paying the debt.
*501 This was most probably the meaning of their promise in regard to it.
It is the policy of the law to give every man his day in Court — but when he has had this, it is equally a sound policy, not to permit judgments of Courts to be set aside for flimsy and unsubstantial reasons—parties must be held to the exercise of reasonable diligence,
In -a large number of cases tried, parties could ■give equally good reasons for a re-hearing, under this .proceeding.
The judgment must be reversed, the demurrers to the assignment of errors sustained, and the proceeding ■dismissed